Kirpal SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75150.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Kirpal Singh, San Jose, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Renate Staley Mattera, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Kirpal Singh, a native and citizen of India, petitions for review of the Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation, and request for relief under the Convention Against Torture ("CAT"). We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of Singh's asylum claim on the basis of an adverse credibility finding. Singh's testimony was internally inconsistent and inconsistent with his asylum application regarding whether he was burned with a hot iron on his hip or on his shoulder, an issue that went to the heart of his asylum claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) (holding that inconsistencies that go to the heart of asylum claim form the basis for an adverse credibility finding). Singh was also unable to satisfactorily explain why he was unable to provide details of the work he undertook for the Akali Dal Mann political party at his asylum interview, which took place shortly after he arrived in the United States, but was able to provide such details nearly ten years later at his merits hearing. *See id.* Finally, Singh failed to produce corroborating evidence to support his claims in the absence of providing credible testimony. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000).

Singh's claim that the IJ and BIA failed to make an explicit adverse credibility finding also fails, because: (1) the IJ provided several specific and cogent reasons for not knowing whether to believe Singh's testimony, stating that Singh had not sus-

tained his burden of proof for demonstrating his testimony was credible; and (2) Singh failed to produce non-duplicative, material, easily available corroborating evidence and provided no credible explanation for his failure. *See Sidhu,* 220 F.3d at 1090–92.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making his determination under CAT, Singh's CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**